# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 604 | **DATE** | 7/7/2004 |
| **CASE TITLE** | Birdsong vs. Battaglia | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 8/31/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, plaintiff's motion for turnover order is granted in part and denied in part. The estate is ordered to pay plaintiff, $108,000.00. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MF | courtroom deputy's initials | 2004 JUL -7 PM 3:14 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BIRDSONG CORPORATION, d/b/a<br>BIRDSONG PEANUTS, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No: 03 C 604 |
| AUGUST BATTAGLIA, | )<br>) | Judge John W. Darrah |
| Defendant. | )<br>) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff and Judgment Creditor, Birdsong Corporation, filed suit against Defendant and Judgment Debtor, August Battaglia, seeking to enforce a previously entered judgment. Judgment was entered against Defendant and in favor of Plaintiff. Presently before the Court is Plaintiff's Motion for Turnover Order against the Citation Respondent, Margaret Kaminski, Co-Executor and Co-Trustee for the Estate of Joseph L. Battaglia ("the Estate"). Joseph Battaglia was the father of Defendant. For the following reasons, that motion is granted in part and denied in part.

## ANALYSIS

Federal Rule of Civil Procedure 69(a) provides that supplementary proceedings to enforce a judgment are governed by both the substantive and procedural law of the state in which the proceedings are held. Under 735 ILCS 5/2-1402(c)(3), a court may require any person cited to deliver assets to satisfy a judgment in whole or in part "when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds." The judgment creditor has the burden "to show that the citation respondent possesses assets belonging to the judgment creditor." *Mid-Am.*

*Elevator Co. v. Norcon, Inc.*, 679 N.E.2d 387, 390 (Ill. App. Ct. 1996). A party seeking a setoff, which allows parties to apply mutual debts against each other, has the burden of proving the right exists. *In re Clark Retail Enters., Inc.*, 308 B.R. 869, 895 (Bankr. N.D. Ill. 2004). Whether a setoff should be granted is an equitable determination for a court to decide. *In re Clark Retail Enters., Inc.*, 308 B.R. at 895.

A default judgment was entered in favor of Plaintiff and against Defendant in the amount of $140,539.05 plus post-judgment interest. Thereafter, a Citation Notice and a Citation to Discover Assets of August Battaglia was issued to Kaminski. To date, the full amount of the judgment remains unsatisfied; and Plaintiff contends that the Estate possesses $118,600.00 belonging to Defendant.

Of this $118,600.00, Defendant loaned the Estate $50,000.00 to prevent foreclosure on a piece of property which comprises the Estate's primary asset.

Defendant paid the remaining $68,000.00 to an account in the name of Joseph Battaglia Realty, which was an account used to pay mortgages on a building the Estate currently owns. Of this $68,000.00, there were three separate types of transactions.

First, Quality Midwest Perishable Sales, a sole proprietorship owned and operated by Defendant, advanced $14,000.00 to keep the property discussed above out of foreclosure. This $14,000.00 advancement was made through two checks: a $9,000.00 check provided to Plaintiff and produced in discovery concerning this matter; and a $5,000.00 check that has never been provided to Plaintiff by Battaglia despite discovery requests.

Second, Defendant and his wife issued two checks out of their joint account, totaling $44,000.00, to Joseph Battaglia Realty. This amount includes check number 3207 in the amount of $40,000.00.

Finally, Defendant's wife issued three checks, in a total amount of $10,600.00, to Joseph Battaglia Realty. These checks were signed by Defendant, who had access to the account used to issue these three checks.

The Estate does not contest that it owes Plaintiff some money but, rather, argues that it only owes $17,600.00. According to the Estate, Plaintiff has double counted $40,000.00 as part of the $50,000.00 loan from Defendant and part of the $44,000.00 in checks Defendant and his wife issued to Joseph Battaglia Realty. Specifically, the Estate argues that check number 3207 constitutes partial payment of the $50,000.00 loan made by Defendant to the Estate and not, as Plaintiff argues, part of the $44,000.00 Defendant and his wife advanced to Joseph Battaglia Realty.

In support of this proposition, Defendant has submitted an affidavit which was not notarized or made subjecting Defendant to the penalty of perjury and, thus, will not be considered. *See, e.g.*, 28 U.S.C. § 1746; *DeBruyne v. Equitable Life Ins. Co.*, 920 F.2d 457, 471 (7th Cir. 1990).

Defendant also relies on the affidavit of his sister and co-executor for the Estate, Kaminski, in support of this double-counting proposition. However, Defendant testified during a deposition that the $50,000.00 loan was comprised of a $42,000.00 check and a $7,000.00 check, both drawn on a SunAmerica account. A check for $7,142.86, consistent with Defendant's testimony, was produced and included as Plaintiff's Reply Exhibit A; however, despite requests

by Plaintiff, the other check has never been produced. Generally, when a deposition is in conflict with an affidavit, "the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken." *Amadio v. Ford Motor Co.*, 238 F.3d 919, 926 (7th Cir. 2001) (citation omitted).

Moreover, Kaminski's affidavit, which the Estate does not even rely on in support of its double-counting theory, fails to rebut Defendant's deposition testimony because the affidavit does not establish Kaminski has personal knowledge of this transaction. *See Markel v. Bd. of Regents*, 276 F.3d 906, 912 (7th Cir. 2002) (explaining that affidavits must demonstrate how the affiant is competent to testify to the matters at issue).

The Estate further argues that $11,000.00 of the funds identified by Plaintiff were actually rent payments made by the tenant of the property and collected by Defendant on behalf of the Estate. Specifically, the Estate contends that check nos. 3132 and 0595, which were drawn on separate accounts and are attached as part of Plaintiff's Exhibits 9 and 10, respectively, were actually rent payments made by the tenant of the property and collected by Defendant on behalf of the Estate.

In support of this contention, the Estate relies on both Defendant's and Kaminski's affidavits. However, as noted above, Defendant's affidavit is inadmissible; and Kaminski's affidavit does not demonstrate that she had personal knowledge of these alleged rental payments. Furthermore, the Estate has failed to provide any documentation from the alleged lessor demonstrating that these payments were made for a rental transaction. Finally, the Estate's theory is illogical; no explanation has been provided as to why the alleged lessor paid Defendant

4

instead of Joseph Battaglia or the Estate or as to why the alleged rent payments were drawn on two separate accounts.

As to the $10,600.00 paid out of the account of Defendant's wife to Joseph Battaglia Realty, Plaintiff has failed to demonstrate that Defendant actually possessed these funds. Defendant's signature on this account demonstrates that Defendant had authority to convey his wife's funds, but it does not show that these funds actually belonged to Defendant.

Based upon this evidence, the Estate has failed to meet its burden, by providing sufficient documentation rebutting Plaintiff's evidence, that Plaintiff double-counted $40,000.00 or that Plaintiff wrongly identified $11,000.00 as funds allegedly paid by lessors to the Estate. However, Plaintiff has failed to satisfy its burden of proof demonstrating that it is entitled to the $10,600.00 of funds paid out of the account of Defendant's wife to Joseph Battaglia Realty. Therefore, the Estate is in possession of $108,000.00 that Plaintiff may recover.

The Estate also seeks a $50,000.00 setoff against Defendant for a loan allegedly made by Joseph Battaglia to Defendant. Illinois recognizes the common law right of setoff, provided that valid and enforceable offsetting obligations are held in the same capacity by the respective parties. *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003). However, there has been no showing by the Estate that it has diligently pursued repayment of this loan from Defendant. Accordingly, as a matter of equity, the requested setoff is denied.

5

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Turnover Order is granted in part and denied in part. The Estate is ordered to pay Plaintiff $108,000.00.

Dated: July 7, 2004

JOHN W. DARRAH
United States District Judge